## Shuster's Estate.

*Wills—Construction—Gift to two with gift over on death of both—Absence of words of survivorship—Income.*

Under a bequest of real and personal property to A and B "share and share alike, at the death" of A and B "the entire estate to go to the children of A absolutely," on the death of B, there being no words of survivorship, his personal representatives are entitled to one-half the income of the property during the life of the trust or until the death of A.

Exceptions to adjudication. O. C. Phila. Co., July T., 1912, No. 343.

The auditing judge (Lamorelle, P. J.) said in his adjudication:

"William Heiss Shuster died June 28, 1911.

"He bequeathed his real estate and personal property to his only brother, Thomas F. Shuster, for life, and provided that on his brother's death the income was to go to a niece, Kate M. Haffa, and a nephew, Henry Shuster, children of a deceased brother, David Shuster, share and share alike; that on the death of the niece and the nephew, the entire estate should go to the children of the niece absolutely.

"He appointed his brother, Thomas F. Shuster, executor of the will. This brother, Thomas F. Shuster, died Sept. 18, 1916, whereupon his life estate terminated. Kate M. Haffa, the niece, and Henry Shuster, the nephew, were both then alive, and thereafter they took the income, share and share alike. On Nov. 10, 1916, Fidelity Trust Company was appointed trustee in order to make sale of the real estate.

"Henry Shuster, the nephew, died July 9, 1923, intestate, survived by his wife, who has taken out letters of administration upon his estate.

"Kate M. Haffa is alive and has two children, David S. Haffa and Mildred D. Haffa, both of full age.

"The present accounting is had because of the death of Henry Shuster. The question submitted to the court is the proper disposition of the income released because of the death of Henry Shuster.

"The trust, of course, continues. See Wilen's Appeal, 105 Pa. 121, and Aubert's Appeal, 119 Pa. 48.

"Kate M. Haffa claims the released income, to wit, one-half of the whole thereof, in addition to the half of which she is in receipt because of survivorship. The administratrix of the estate of Henry Shuster, deceased, claims his half on the ground that the income was not limited to his life.

"The clause of the will in question reads as follows:

"'I bequeath all my real estate & personal property to my only brother Thomas F. Shuster during his natural life, at his death the income to go to my niece, Kate M. Haffa, & my nephew, Henry Shuster, children of my deceased brother, David Shuster, share and share alike, at the death of my niece and nephew the entire estate to go to the children of my niece, Kate M. Haffa, absolutely. . . .'

"There is nothing further in the will which throws any light on the subject. A reference to this item of the will shows that the income was not given to Henry Shuster for life only; it would, therefore, seem to follow that it was given for the life of the trust. There is no gift over in event of the death of either nephew or niece. When both are dead, the children of Kate M. Haffa take the *corpus*. An intestacy of income is not to be presumed and survivorship in income must be shown by express provision or by necessary implication. In this will there is no express provision for survivorship between the nephew and niece, in that they are to take all of the income, share and share alike. Little's Appeal, 81 Pa. 190, and Harned's Estate, 273 Pa. 237,

appear to be in point. The auditing judge is not unmindful of the ruling in Maxwell's Estate, 261 Pa. 140. There is, however, in the instant case, no gift of income to a class, but, on the contrary, to two persons, a nephew and a niece by name.

"The auditing judge is of opinion, and so rules, that the administratrix of the estate of Henry Shuster, deceased, is entitled to the income which he in his lifetime received, and that she is to take the same for and during the time the trust endures, to wit, until the death of the niece, Kate M. Haffa."

*William A. Robinson*, for exceptions; *William E. Caveny*, contra.

HENDERSON, J., Jan. 14, 1924.—The gift over is "at the death of my niece and nephew the entire estate to go to the children of my niece, Kate M. Haffa, absolutely." The nephew is dead and Kate M. Haffa, the exceptant, asks that his one-half of the income be awarded to her. There are no words of survivorship, nor is there a gift to a class. The gift over is not at the "respective" deaths of the niece and nephew of one-half the income or principal, but upon the deaths of both, and then of the "entire" fund. The gift of the income to the niece and nephew is not limited to their respective lives, but for their joint lives, and, hence, the nephew's share of the income is payable to his administratrix during the life of Kate M. Haffa.

The exceptions are dismissed and the adjudication is confirmed absolutely.